## SEITER v MARION (City)

Ohio Appeals 3rd Dist, Marion Co

No 894. Decided Dec. 29, 1938

Ralph E. Carhart, Marion, for defendant-appellant.

Mouser & Mouser, Marion, for plaintiff-appellee.

### OPINION

By GUERNSEY, PJ.

This is an appeal on questions of law from a judgment. of the Common Pleas Court of Marion county, entered on a verdict of a jury in said court in favor of the plaintiff, Frank A. Seiter, against the defendant, City of Marion, in an action for damages for personal injuries.

Omitting the allegations with reference to the nature and extent of the injuries

and damages sustained by plaintiff, the allegations of plaintiff's petition are as follows:

"Comes now the plaintiff and for cause of action against the defendant says that the defendant, the City of Marion, Ohio, is a municipal corporation; that on the 22nd day of October, 1936, at about the hour of 5:45 P. M. he was driving a Ford V-8 automobile in a northerly direction on the east side of South State Street in the City of Marion, Ohio, at a rate of speed of between twenty and twenty-five miles per hour, and when he reached a point approximately five feet north of the center line of the intersection of Gurley Avenue and State Street, without fault upon his part, and solely and only because of the negligent acts and defaults of the agents, servants and employees of the City of Marion, Ohio, as hereinafter set forth, his automobile started to skid, finally causing said automobile to go over the curb on the west side of South State Street and against two trees located in the street lawn in front of the premises at 353 South State Street.

Plaintiff alleges that some time previous to the said 22nd day of October, 1936, the exact date of which he cannot state for want of knowledge, but expects the proof to fully show, the City of Marion, Ohio, and the Federal Government entered into an agreement to repair said South State Street from Delaware Avenue to Chu ch Street by taking up, cleaning and relaying bricks and by placing asphalt tar or coal tar between the bricks to cause the same to be firm and to hold together; that the plans and specifications for said work were prepared by T. S. Cathers, City Engineer, and John V. Ruth, the duly appointed, qualified and acting service director of the City of Marion, Ohio, was given authority to superintend said work; and the said City of Marion, Ohio, and the Federal Government, through the Works Project Administration, agreed to furnish certain funds; that the City of Marion, Ohio, by the approval of the Council of said City agreed to and did furnish certain material and supplies, and provided for the professional and technical work and supervision for said project, all as aforesaid; that in the performing of said work, the agents, servants and employees of the City of Marion placed so much of said asphalt tar or coal tar between the bricks on said street that the same formed a coating over said bricks, which became slippery when wet; and such was the condition of said street on the said 22nd day of October, 1936, when the

automobile which plaintiff was driving skidded as aforesaid, causing injuries as hereinafter set forth.

Plaintiff further alleges that the said South State Street from the intersection of Gurley Avenue from the point where plaintiff's automobile started to skid as aforesaid, begins to slope and becomes a downgrade, thereby increasing the hazard and causing his automobile to gain momentum as it came down the incline or hill; that the said defendant, through its agents, servants and employees, was negligent:

1. In permitting said coat of asphalt or coal tar to remain on said street without providing a protective covering thereon.

2. In not cleaning or scraping the same from the top of said pavement when the City of Marion well knew or should have known in the exercise of ordinary care and reasonable diligence that said street was unsafe, because of its knowledge through its proper officials that other similar accidents had occurred upon said street by reason of the condition thereof, all as aforesaid.

3. In not erecting warning signs or barricades when said street was wet.

That as a result of the skidding of his automobile and his inability to keep the same in the street because of the slippery condition due to the permitting of the asphalt or coal tar to come from between the bricks and form a coating on the top of the same, his car came into contact with the trees on the west side of said street; and he sustained the following injuries:"

The appellant, the City of Marion, assigns and argues in its brief, errors in the following particu'ars:

First. That the petition did not state a cause of action against the defendant City of Marion.

Second. The charge of the court was erroneous.

Third. The plaintiff was guilty of such negligence as to prevent his recovery.

These errors will be considered in the order mentioned

1. Under the first assignment of error mentioned, it is the contention of the City of Marion that any liability it may be under to plaintiff for damages for the injuries sustained by him arise from and are governed exclusively by the provisions of §3714 GC, reading as follows:

"Sec. 3714. Council to have care, supervision and control. Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the man-

ner provided by law. The Council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

That the liability of the municipal corporation under said section, in cases of this character is limited to liability for the creation or maintenance of a nuisance, and not for negligence. That the plaintiff's petition does not charge the defendant municipality with creating or maintaining a nuisance but charges only negligence on the part of the defendant municipality, and consequently fails to state a cause of action, which would preclude any recovery on the part of the plaintiff, the point being raised by demurrer to the petition, motion to arrest the testimony from the jury before trial, motion to direct a verdict in defendant's favor made at the close of plaintiff's evidence and renewed at the close of all the evidence.

In the case of **City of Circleville v Sohn, 59 Oh St 285,** the court, in its opinion in the case, at page 305, adopts the following rule as to the liability of a municipality under the section mentioned, to-wit:

"Our statute, in express terms, places the public ways of each municipality, in its control, coupled with a positive command to keep them open, in repair, and free from nuisances. In the performance of that duty, the municipal authorities are required to remove, and keep removed from its streets, all dangerous defects, obstructions and nuisances of every kind, as they may arise, from time to time, from any cause. There is no exception from the requirement, in favor of defects, obstructions or nuisances which are placed, or caused to be placed, in a street, by the corporation or by its officers or agents; nor, is there any the less reason for holding the corporation liable for a disregard of its duty to remove such obstacles from its streets when placed there by its own act or the act of its officers, than there is for making it answerable for its negligence in permitting similar obstacles to remain when placed in the street by other persons. The statutory duty is ministerial in its nature, and mandatory in terms; and was imposed for the benefit of those having occasion to use the streets, so that they might use them with safety, and not for the benefit of the corporation. * * *
We are of opinion, therefore, that a municipal corporation should be held lia-

ble for injuries caused by a dangerous defect or obstruction in a street or sidewalk which it suffers to remain after reasonable notice of its existence, though it arose in the construction or alteration of the street or sidewalk in accordance with a plan adopted by the municipal authorities."

In the case of **Village of Cardington v Administrator of Fredericks, 46 Oh St 442,** the petition contained the following allegations, among others, to-wit:

"Fifth. That on or about the 28th day of April, A. D. 1883, a certain public street in said village, known as 'Main Street', which was much traveled and used by the citizens of said village and the public generally, was so unskillfully and negligently constructed, and left by the defendant, as to be in an unsafe and dangerous condition, which street thus unskillfully and negligently constructed, was, by said defendant, allowed to become out of repair and obstructed by the rubbish and refuse of the village, so that the same became and was at the date last aforesaid highly dangerous. All of which the said defendant then and there had due and legal notice.

"Sixth. That on the said 28th day of April. A. D. 1883, the said Mary J. H. Fredericks was lawfully traveling on said street, and while lawfully passing ..long said street, accidentally, and without fault or negligence on her part, was precipitated down an embankment, a distance of about twenty feet, whereby she was greatly bruised and injured.

"Seventh. That the injury herein complained of, was wholly in consequence of the dangerous condition of said street, as herein set forth.

"Eighth. That by reason of the premises she was damaged in the sum of five thousand dollars."

And it was held that such allegations constituted a statement of a cause of action in nuisance and not in negligence, and being a nuisance abated with the death of the party injured.

In the opinion, on page 446, the following comment on this question appears:

"Was the action below one for a nuisance? The gravamen of the petition is that the deceased was injured because of the dangerous and unsafe condition of the street along which she was traveling; that the street had been unskillfully and negligently constructed and left, was out of repair, and obstructed by rubbish and refuse.

In other words, the charge is that the village constructed a dangerous road, and allowed it to become and remain out of repair, from which private damage ensued.

"The term 'nuisance' is of extended application. Many definitions are given, necessarily varied because the word applies to a large number of subjects. "The term 'nuisance', derived from the French word 'nuire,' to do hurt or annoy, is applied in the English law indiscriminately to infringements upon the enjoyment of proprietary and personal rights." Addison on Torts, 361. " 'Nuisance, something noxious or offensive. Anything not authorized by law which maketh hurt, inconvenience or damage. It may be (a) private, as where one uses his property as to damage' another's, or disturb his quiet enjoyment of it; (b) public, or common, where the whole community is annoyed or inconvenienced by the offensive acts, as where one obstructs a highway, or carries on a trade that fills the air with noxious and offensive fumes." Cochran's Law Lexicon, 192.

"We presume it can hardly be doubted that the street, as described in the petition in this case, was, in law, a nuisance. Nuisance to highways, bridges and public rivers. These annoyances may be either positive, by actual obstruction, or negative, by want of reparation. In the latter case, only those persons are liable whose duty it is to keep the road, etc., in repair." * * *

"We conclude that the generally accepted rule is, that although the nuisance be a public one, yet it is private also, if an individual sustain a special injury thereby, and he may maintain an action and recover his special damage, whether it be direct or only consequental.

"This petition then charged the maintenance of a nuisance. It charged that by reason of that nuisance the plaintiff's intestate had been injured. It is insisted that the action below was for negligence. This proposition does not seem to advance the argument. The maintenance of any nuisance implies negligence, or worse. The negligence averred produced a nuisance, and it was the nuisance which was the occasion of the injury. Any failure to keep a safe highway implies neglect, but it was necessary to allege a state of facts from which the negligence would be inferred. Averring such state of facts showed that a nuisance had been created, but it was not necessary that the word 'neglect' of 'negligence'. should be used in the petition. The action was, therefore 'for a nuisance,' i. e., for maintaining a nuisance from which private damage ensued.

"The statute gives to municipal corporations the care, supervision and control of all public highways, etc., and requires that the same shall be kept open, and in repair, and free from nuisance. In effect it is a requirement that the corporation shall prevent all nuisances therein, and when, by allowing a street to become so out of repair as to be dangerous, the corporation itself maintains a nuisance, and a suit to recover for injuries thereby occasioned, is for damage arising from a nuisance, or 'for a nuisance.' The statute does not give a remedy; it but enjoins the duty."

The petition in the instant case, while it alleges many negligent acts, does charge that the agents, servants and employees of the City of Marion placed so much asphalt tar or coal tar between the bricks on said street that the same formed a coating over said bricks which became slippery when wet, and that such was the condition of the street when the automobile which plaintiff was driving skidded causing plaintiff's injuries; that the street where plaintiff's automobile started to skid as aforesaid, being the place where such coating of tar was formed begins to slope and become a downgrade, thereby increasing the hazard occasioned by said coating and causing automobiles to gain momentum coming down the incline or hill. That the city, through its proper officials, had knowledge of similar accidents that had occurred upon said street by reason of the aforesaid condition thereof; and that as a result of the skidding of his automobile and his inability to keep the same in the street because of the slippery condition thereof due to the permitting of the asphalt or coal tar to come from between the bricks and form a coating on top of same plaintiff's car came in contact with the trees on the west side of said street and he sustained injuries for which damages is claimed.

Giving effect to the inference properly deductible from the allegations the petition in effect charges that the defendant city, on that part of a public street in said city where the plaintiff's automobile skidded and where plaintiff sustained his injuries, and where said street sloped downgrade, constructed and permitted to remain in that condition, a pavement with a surface which became so slippery when wet, (that is, under weather conditions at times normally prevailing and not ordinaryily causing the surfaces of pavements to become so slippery as to be dangerous or unsafe), as

to cause automobiles driven thereon in normal traffic to skid and become out of control, making said street unsafe and dangerous for persons lawfully operating automobiles thereon, and that said dangerous and unsafe condition of said street, of which the defendant city had knowledge and notice, caused plaintiff's automobile to skid and become out of control causing plaintiff's injuries and damage.

Considering the nature of the duty of the city under said §3714, and the nature of its liability under said section for its failure to perform such duty, as laid down in the cases of City of Circleville v Sohn, supra, and Village of Cardington v Administrator of Fredericks, supra, and applying the reasoning in the opinion in the latter case, to the allegations of the petition in the case at bar, it is clear that the petition stated a cause of action against the city for a nuisance, that is, for maintaining a nuisance from which private damage ensued. The first assignment of error is therefore without merit.

2. Upon the second assignment of error mentioned, it is the contention of the appellant city that the court erred in its general charge in submitting the case to the jury as a cause of action for nuisance, as the pleadings filed by plaintiff failed to raise any question of nuisance or bring into the case any question of nuisance.

We have already held upon the first assignment of error mentioned, that the petition stated a cause of action for nuisance, and consequently the second assignment of error in the charge in the respect mentioned is without merit.

3. Upon the third assignment of error mentioned, it is the contention of the appellant city that under the evidence the plaintiff by his own negligence caused the accident, precluding him from recovery.

"As a general rule, contributory negligence in its ordinary meaning is not applicable to an action sounding in nuisance. But it has been asserted that one who is especially injured, either in person or property, by reason of a public nuisance in a street or highway, must himself be free from contributory negligence, and that he is not relieved of his duty in this regard by the fact that his injury resulted from a known public nuisance. Probably the apparent conflict, if any, may be explained by referring to the difference between contributory negligence as such and plaintiff's negligence as the cause of the injury in whole or in part. If the negligence of the injured person was the proximate cause of the injury, there can be no recovery. Defendant may prove, if he can, that plaintiff, by his own negligence, or by his own wilful wrong, brought about in whole or in part the injury for which he seeks damages, not because of the application of the doctrine of contributory negligence, but because it is competent for defendant to show that the act or wrong with which he is charged is in fact properly chargeable to plaintiff himself." 46 C. J. 665.

In its answer the defendant city pleaded contributory negligence on the part of the plaintiff and this issue was submitted to the jury, and the jury by its general verdict presumably found against the defendant on this issue, there being no interrogatory thereon.

Under the evidence in the case at bar it is unnecessary to decide whether the contributory negligence of the plaintiff may be a defense in an action for nuisance, as a submission of the case to the jury on the issue of contributory negligence was more favorable to the defendant than it would have been if submitted on the issue of the negligence of plaintiff being the proximate cause of the injury, and we find from an examination of the evidence on this issue thereon in favor of the plaintiff is neither that the presumed finding of the jury contrary to law in not being sustained by any evidence, nor against the weight of the evidence. The third assignment of error is therefore also without merit.

For the reasons mentioned the judgment of the common pleas court will be affirmed at costs of appellant.

CROW and KLINGER, JJ, concur.